UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 6: 06-96-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 6: 15-7398-DCR |
| V. | ) | |
| | ) | |
| HORACIO RAUL ESTRADA-ELIAS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case is pending for consideration of Defendant/Movant Horacio Raul Estrada-Elias' *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 166]  The motion was referred to United States Magistrate Judge Robert E. Wier for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  On October 19, 2015, Magistrate Judge Wier issued a Recommended Disposition in which he recommends that Estrada-Elias' motion be denied as time-barred.  [Record No. 175] Magistrate Judge Wier also recommends that the Court deny a Certificate of Appealability. *Id.*

Estrada-Elias has filed timely objections to Magistrate Judge Wier's Recommended Disposition.  [Record No. 176]  However, after conducting a *de novo* review of the defendant's motion, the Court will adopt Magistrate Judge Wier's Recommended Disposition and deny the relief Estrada-Elias seeks.

## I.

On April 10, 2007, Estrada-Elias pled guilty to Count 1 of the Superseding Indictment, charging a conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 108] Estrada-Elias also agreed to forfeit certain assets identified in Count 2. *Id.* Estrada-Elias was represented throughout the case by Walter Nash, a retained attorney from Tucson, Arizona, and Martin Pinales, a retained attorney from Cincinnati, Ohio. As part of the Plea Agreement, Estrada-Elias "waive[d] the right to appeal and the right to attack collaterally the guilty plea, conviction and sentence, including any order of restitution. [Record No. 152, ¶ 8] The Plea Agreement also provided that Estrada-Elias "will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K." *Id.,* ¶ 7. However, the agreement allowed the United States to file a motion for downward departure if Estrada-Elias provides substantial assistance in the investigation or prosecution of others involved in the offense. It specifically stated that, "[t]he determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States." *Id.* at ¶ 9.

On April 24, 2008, this Court sentenced Estrada-Elias to life without release, the mandatory minimum set by the United States Sentencing Guidelines. [Record No. 151] At the conclusion of the sentencing hearing, the clerk informed Estrada-Elias that he should file a Notice of Appeal with the Sixth Circuit within ten days of the entry of the judgment if he wished to appeal his conviction. [Record No. 173-2, p. 53] However, Estrada-Elias never filed a Notice of Appeal.

On May 19, 2015, Estrada-Elias filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 166] Estrada-Elias signed and dated the motion May 11, 2015, certifying that the motion was placed in the prison mailing system on that date. *Id.* at 13. In his motion and attached "Declaration," Estrada-Elias asserts that, "Counsel Nash has perpetrated an [sic] 9 year fraud that led petitioner to believe that an appeal would be filed – if necessary." *Id.* at 4. According to Estrada-Elias, he only pled guilty to a life sentence because his counsel and the Court told him that he would be resentenced later under Rule 35 of the Federal Rules of Criminal Procedure. [Record No. 166-1] Estrada-Elias also claims that he waited to file an appeal because of his counsel's promise that he would be resentenced at a later date. Thus, Estrada-Elias contends that the Court should vacate its judgment and re-enter it, thereby recommencing the time for him to file a Notice of Appeal. [Record No. 166, p. 13] Alternatively, Estrada-Elias seeks an evidentiary hearing[1] "or any other relief to which movant may be entitled." Finally, Estrada-Elias requests appointment of appellate counsel.[2] *Id.* at 12.

On May 20, 2015, Magistrate Judge Wier directed Estrada-Elias to show cause no later than June 22, 2015 as to why his motion should not be dismissed as untimely. [Record

---

[1] Subsection (b) of 28 U.S.C. § 2255 provides that the district court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Because the record establishes that 28 U.S.C. § 2255(f) bars the motion as untimely, the Court will deny Estrada-Elias' request for an evidentiary hearing.

[2] Subsection (g) of 28 U.S.C. § 2255 together with 18 U.S.C. § 3006A(a)(1)(B) leaves appointment of counsel in the district court's discretion. Because the motion is clearly time barred by 28 U.S.C. § 2255(f), appointed counsel is unnecessary to the disposition of this § 2255 motion, and Estrada-Elias' motion for appointed counsel will be denied.

No. 167] Thereafter, Magistrate Judge Wier granted him an extension until July 22, 2015 to respond. [Record Nos. 168 and 169] Magistrate Judge Wier denied Estrada-Elias' second motion for an extension, and Estrada-Elias responded to the show cause order on August 11, 2015. [Record No. 173]

Estrada-Elias claims that § 2255's one year statute of limitation should be equitably tolled because he diligently contacted his lawyer for years and "only now is convinced that Attorney Walter Nash's efforts are a fraud." *Id.* at 5. As support, Estrada-Elias attached his own affidavit, swearing to the veracity of the response; the transcripts of the rearraignment and sentencing; a "Letter of Declaration" signed by his daughter, Elizabeth Estrada-Abuzaid; and a letter to Estrada-Elias from Nash providing information about payments made by Estrada-Elias' family on his behalf to Nash's law firm in 2006. [Record Nos. 173-1 and 173-2]

Having reviewed all materials relevant to this matter, the undersigned concludes that Estrada-Elias filed his motion after § 2255's one-year period of limitation ended, and he has not shown that he is entitled to equitable tolling. Therefore, this Court will adopt Magistrate Judge Wier's recommendation and deny Estrada-Elias' motion. Likewise, the Court concludes that Estrada-Elias is also not entitled to a Certificate of Appealability.

## II.

Title 28 of the United States Code, § 2255(f), establishes a one-year statute of limitation for motions under § 2255. Generally, this one-year period begins on "the date on which the judgment becomes final," but it may also begin "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

It is undisputed that Estrada-Elias' motion was not filed within one year of the judgment becoming final. Judgment upon Estrada-Elias' plea of guilty was filed on April 24, 2008. [Record No. 151] Estrada-Elias admits in his "Sworn Declaration and Attestation" that he received a copy of the judgment in jail. [Record No. 176-5, p. 22] He also attached to his Objections a copy of the Court's Advice of Right to Appeal, informing him that he has ten days from the entry of the judgment to file a notice of appeal. [Record No. 176-3] Because Estrada-Elias never filed an appeal, under the Federal Rules of Appellate Procedure in place at the time, the judgment became final on May 5, 2008, ten days after its entry. Fed. R. App. P. 4(b)(1)(A) (2008 ed.).[3] Estrada-Elias mailed his § 2255 motion to the Court on May 11, 2015, over seven years after the judgment became final. Accordingly, the motion is time-barred under § 2255(f).

### III.

Even though he admittedly filed the motion well after the one-year period, Estrada-Elias argues that his attorneys' unfulfilled promises support a finding of equitable tolling of the otherwise applicable time limitation. The Sixth Circuit has recognized that § 2255 is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011). "A habeas petitioner is entitled to rely upon equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented untimely filing." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). According to the

---

[3] As Magistrate Judge Wier observes in his Recommended Disposition, Federal Rule of Appellate Procedure 4(b)(1)(A) now gives criminal defendants fourteen days to file a Notice of Appeal. [Record No. 175, p. 3, n. 4]

Sixth Circuit in *Robertson*, "an attorney's failure to satisfy professional standards of care may constitute extraordinary circumstances." *Id.* However, even if a petitioner proves extraordinary circumstances, he still has the burden of proving that he diligently pursued his rights. *Id.* at 786. Magistrate Judge Wier was correct in concluding that Estrada-Elias has not satisfied either prong.

Estrada-Elias has failed to show a violation of any professional standards of care, amounting to extraordinary circumstances. In fact, all of the evidence presented by Estrada-Elias proves that his counsel and the Court acted appropriately in the circumstances. Estrada-Elias accuses his counsel of perpetrating a "continuous and ongoing fraud" by accepting $225,000.00 to represent him and then continuously threatening him and ultimately abandoning him. [Record No. 166, p. 4]

In the letter from Nash to Estrada-Elias dated March 16, 2015, Nash purports to disclose all the details of payments made on Estrada-Elias' behalf to Nash's firm. [Record No. 173-2] According to Nash, all of the payments were made in 2006 before Estrada-Elias even entered a guilty plea. Based on the evidence provided by Estrada-Elias, neither he nor his family have continuously made payments to Nash in expectation of continued services. Nash was paid to represent Estrada-Elias in these criminal proceedings, and he did so through sentencing.

Estrada-Elias also states that he relied on representations made by Nash and Pinales to his daughter Elizabeth that they were actively working on reducing his sentence. In her "Letter of Declaration" attached to Estrada-Elias' show cause response, Elizabeth avers that Pinales told her that there was nothing they could do other than wait for the United States Attorney's Office to file a motion for a downward departure. [Record No. 173-2, p. 59]

Pinales' representations to Elizabeth were consistent with Estrada-Elias' plea agreement. The rearraignment transcript, also submitted by Estrada-Elias, establishes that the Court explained all relevant waivers to Estrada-Elias. [Record No. 173-2, pp. 18-20] The Assistant United States Attorney also explained during the rearraignment that the United States had discretion in determining whether to motion for downward departure on the basis of substantial assistance. *Id.* at 11. Further, the record demonstrates that Estrada-Elias understood that a motion for downward departure was not certainty. When asked by the Court during rearraignment if he had been promised a specific sentence in exchange for the guilty plea, Estrada-Elias answered no. *Id.* at 14.

The letters written by Estrada-Elias' counsel and attached to his Objections resolve many of the issues he raises. [Record No. 176-2] In a letter dated July 24, 2013, Pinales attempts to clarify for Estrada-Elias some of the "misunderstandings about what we have said to you and to Elizabeth." *Id.* Pinales does not ask Estrada-Elias not to talk to anyone about his case. Rather, he warns Estrada-Elias about discussing certain facts from the case in outgoing letters that may be viewed by other inmates. *Id.* In a letter dated July 15, 2014, Nash explains that he and Pinales are working to determine whether Estrada-Elias qualifies for an early release program for inmates with serious health problems. *Id.* at 3. Nash goes on to remind Estrada-Elias of the entire negotiation process leading up to his guilty plea. *Id.* at 4-5. Nash states that, at one point, Estrada-Elias wanted to back out of the negotiations and proceed to trial but then changed his mind. According to Nash,

> We were able to keep the proposed deal open, you entered your guilty plea, and we moved forward with the next step. However, when the critical time came, you pursued a different course which resulted in your not receiving the benefit of the program we created for you. Marty and I recognized that this was your decision, but the consequences of it were not our fault.

> Unfortunately, you chose to change the course of what you agreed [to] do *after* you had entered a guilty plea. We tried to reopen the discussion with the prosecution, but they were not interested after the position you took in a meeting with them.

*Id.* at 5-6.

In short, as Nash's letter suggests, Estrada-Elias never received a sentence reduction because he refused to fully cooperate with the government. Whatever happened, neither Nash nor Pinales had any control over whether the U.S. Attorney's Office filed a motion for a departure or a sentence reduction. Nothing in the record indicates that Estrada-Elias' counsel represented anything contrary to him. Instead, the record indicates that Estrada-Elias was fully appraised by the Court and by his attorneys that any reduction from his original sentence was discretionay with the government. Finally, the six-year delay in filing the motion is substantial. And Estrada-Elias has not provided any credible proof to excuse such a lengthy delay.

### IV.

The applicable limitations period for seeking relief under 28 U.S.C. § 2255 should not be tolled under the facts presented. Further, a Certificate of Appealability will not issue. *Slack v. McDaniel*, 529 U.S. 473 (2000). Jurists of reason wount not find this Court's procedural determination fairly debatable. Therefore, based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. United States Magistrate Judge Robert E. Wier's Recommended Disposition [Record No. 175] is **ADOPTED IN FULL** and **INCORPORATED** by reference.

2. Defendant Estrada-Elias' Objections [Record No. 176] to the Recommended Disposition are **OVERRULED**.

3. Defendant Estrada-Elias' petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 166] is **DENIED**. This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's docket.

4. Defendant Estrada-Elias' motion for appointment of counsel and an evidentiary hearing [Record No. 166] is **DENIED**.

5. The Court declines to issue a Certificate of Appealability.

6. A judgment in favor of the United States shall issue this date.

This 16th day of November, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge